### WHITAKER v. STERLING.

SALE—DELIVERY—WAIVER—BREACH OF CONTRACT.

Plaintiff contracted with defendants for the purchase of a boat, to be delivered at Detroit between the 1st and 15th of April, as he might determine. He did not notify them to deliver the boat between the 1st and 15th of April, but asked to be released from the contract, which request was refused, and an arrangement entered into whereby defendants were to assist him in selling it at their residence in Monroe. On April 26th he telegraphed them to bring the boat to Detroit, as parties wanted to look at it. *Held*, that defendants were not in default in not delivering the boat in response to the telegram, as the effect of the arrangement was to waive delivery at Detroit and accept delivery at Monroe, and it was apparent that the telegram did not relate to the original contract.

Error to Wayne; Donovan, J. Submitted April 12, 1904. (Docket No. 45.) Decided June 7, 1904.

*Assumpsit* by Charles F. Whitaker against William C. Sterling and William C. Sterling, Jr., copartners as William C. Sterling & Son, for the breach of a contract for the sale of a boat. From a judgment for plaintiff, defendants bring error. Reversed.

On November 20, 1901, plaintiff and defendants made a contract by which defendants sold to the plaintiff a gas launch named "Restless;" price, $1,700; $500 to be paid

upon the execution of the contract, and $1,200 to be paid on the delivery of the launch at Detroit, "between the 1st and 15th days of April, 1902, as said Whitaker may determine, weather permitting." "In default of the completion of the payment as above stipulated, Sterling & Son shall retain said sum of $500 as stipulated damages." The $500 was paid, and the defendants, as provided, insured the boat during the winter. On March 13, 1902, defendants wrote plaintiff, suggesting some additions to the boat. Plaintiff replied March 15th, ordering the additions. Plaintiff lived in Detroit, the defendants in Monroe.

Plaintiff testified that early in April he went to Monroe, told defendants that he could not be in Detroit during the summer, that he would not be able to get any pleasure out of the boat, and wanted to make an arrangement for them to keep the boat and return the money he had paid. This defendants refused to do, and informed plaintiff that they should hold him to the contract, but that they would assist him in showing off and selling the boat. Plaintiff advertised the boat for sale in the Detroit newspapers. Plaintiff said he would refer any one answering the advertisement to the defendants.

Defendants' version of this conversation is different from that of plaintiff's substantially in this: That William C. Sterling, Jr., with whom the conversation was had, testified that plaintiff told him he could not take the boat on account of losses, and that plaintiff told him he did not want the boat at Detroit, as he could not pay for it; that he would try and sell it, and, if he succeeded, he would deliver it where wanted. The only subsequent communications between the parties were by letter and telegram, except that William C. Sterling testified that he talked with the plaintiff over the telephone on the 14th of April, when plaintiff asked him to sell the boat for him, and fixed the price. On the same day, defendants sent a telegram to plaintiff, saying: "Receiving letters. You do not give price to sell for you."

On April 9th, defendants wrote plaintiff, stating that they were getting letters in response to his advertisement in the Detroit papers; that they had not answered any of them, as they had received no written authority from him to quote price. Defendants also said in this letter that it would be impossible for them to take the boat off his hands, as they had disposed of their boathouse at a great sacrifice, and made other arrangements for the summer at considerable expense; and the letter closed by saying, "We hope you will advise us in full by return mail just how you want us to act for you." The record contains no reply to this letter, and no other communication until the telegram of April 14th.

On April 17th, defendants again wrote plaintiff, saying that they had offered the boat for sale, in accordance with his instructions, to one or two parties who had been to see it, mentioning one Smith. Plaintiff replied to this by letter, which is undated, and the date is not shown in the record. That letter is as follows:

"Please let me know by return mail when you will have the boat ready to show people. Mr. Smith, of Peter Smith & Sons, has promised me that he would go down and take a ride in the boat, and look her over, when you get her ready. Have also got one other party, maybe two, who will go down the same way, about Thursday or Friday of this week, if you can get her in shape by that time. I would not care to bring them until the boat is in first-class order. If you cannot get her ready this week, Tuesday of next week will do. Would prefer to have them go next week Tuesday.

"I think that, if we could bring the boat to Detroit, I could interest some people who would buy her, without a doubt. It is rather awkward to have to go to Monroe to look her over, whereas if we had the boat at Detroit, where it could be seen in an hour or two, I think I could sell her within a couple of weeks. If this meets with your approval, let me know when you write, and we can bring her up to Detroit, and save Mr. Smith and the other people having to go down there to look her over. I have not any doubt but what I can make a sale of her within the next couple of weeks if I have her here in Detroit. I

can get a first-class man to run the engine, so that you can rest assured that she will be in good hands. When you write, let me know about this. An immediate answer will greatly oblige."

In reply to this, on April 24th, defendants wrote:

"The Restless has been in condition to deliver for some time.   *   *   *   We have made arrangements for another boat, and expect you to make the final payment within a short time. We will gladly show the boat to parties you wish to send here, and run her for them; but, as to our taking her to Detroit for your engineer to exhibit to parties on the Detroit river, you could hardly expect us to do this until you have paid for her."

On April 26th, plaintiff sent the following telegram to defendants:

"Please have boat Restless foot Woodward avenue, Detroit, Monday, 1 o'clock. Parties want to look at her that time."

That was Saturday. Defendants were away from home, and the telegram was not received until the following day, Sunday, when William C. Sterling, Jr., sent a telegram to plaintiff to call him up by phone. To this defendants received no reply. On Monday, the 28th, defendants telegraphed plaintiff, "Will you be here this or to-morrow noon to try boat?" April 28th, plaintiff wrote defendants as follows:

"I have waited all this afternoon for you to deliver the boat Restless to me here at Detroit as per our contract, and in compliance with my instructions sent you by wire Saturday. You have neglected to comply with your part of the contract, and I hereby notify you that I do not want the boat, and request the return of the $500 deposited with you. An immediate answer will greatly oblige."

To this defendants replied:

"Yours of the 28th received. We are ready to deliver boat Restless if paid for. We decline, however, and have heretofore refused, to have the boat conveyed to Detroit, or elsewhere away from Monroe, for purpose of exhibition to the supposed purchasers from you. As we have written

you before, we will do everything within reason to show the boat at Monroe for you. We shall hold you to the fulfillment of the contract."

Plaintiff brought this suit to recover damages for breach of the contract, and recovered a verdict and judgment for $480, evidently being $500 advance payment, less cost of the additions which the defendants had made in accordance with the plaintiff's instructions.

*George M. Landon,* for appellants.

*A. B. Hall,* for appellee.

GRANT, J. (*after stating the facts*). Under the contract, it was the duty of the plaintiff to notify the defendants when he desired the boat delivered at Detroit between the 1st and 15th of April. He did not notify them. On the contrary, he chose to leave the boat in the possession of the defendants, in the expectation that he would sell it, and have it delivered at the place where his vendee might desire. The defendants retained the possession of the boat at Monroe, at the express request of the plaintiff, for sale. There was no agreement between the parties to extend the time of delivery at Detroit by the defendants to the plaintiff beyond the 15th of April. The effect of the arrangement was to waive delivery at Detroit and accept delivery at Monroe. Defendants were willing to accommodate plaintiff by retaining the possession of the boat for him, taking care of it, and assisting him in selling it, and did all in their power to secure a sale.

The telegram of the 26th, requesting defendants to have boat at foot of Woodward avenue, Detroit, on Monday, as parties wanted to look at her at that time, was not a notice under the terms of the contract, but must be construed with reference to the correspondence and arrangement under which the defendants, as an accommodation, promised to keep the boat at Monroe, and assist the plaintiff in selling her. We think it manifest that the plaintiff

did not intend to pay for the boat at that time; neither did he send that telegram with any intention that it was the notification required by the terms of the contract, but only for the purpose of showing the boat to expected buyers. He was asked:

" *Q.* Did you ever offer, after the 15th of April, to pay for the boat?

"*A.* I made a demand for the boat to be brought up to Detroit after my conversation and correspondence."

The answer was evasive, but clearly shows that he sent the telegram with reference to the arrangement for keeping the boat at Monroe for sale according to the correspondence and conversations. The defendants so understood it. Plaintiff is now seeking to take advantage of the accommodation accorded to him by the defendants. Defendants are not acting unconscionably. Their damages in various ways have been considerable. Plaintiff knew all the time that defendants were insisting upon the letter of the contract, and all their legal rights under it. If there has been any unfair treatment, it is by the plaintiff, and not by the defendants. The defendants were not guilty of any breach of contract, and were entitled to all the rights which the contract gave them.

Judgment reversed, and new trial ordered.

The other Justices concurred.